**STATE of Missouri, Plaintiff-Respondent,**

v.

**Amos W. BRUCE et al.,**
**Defendants-Appellants.**

**No. 38936.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

June 21, 1977.

As Modified on Court's Own Motion
July 26, 1977.

Application to Transfer Denied
Sept. 12, 1977.

Amos W. Bruce, pro se, for defendants-appellants.

Courtney Goodman, Pros. Atty., James J. Cook, Patrick Clifford, Asst. Pros. Attys., Clayton, for plaintiff-respondent.

KELLY, Presiding Judge.

This is an appeal from a proceeding under the provisions of § 149.055.2 RSMo.1969, and a judgment of the Circuit Court of St. Louis County forfeiting to the State of Missouri a 1970 Chrysler Tudor automobile seized from Amos W. Bruce on June 15, 1976, when he was arrested in Clayton, Missouri, on a charge of possession of unstamped cigarettes with intent to sell in violation of § 149.051 RSMo.1969. Pursuant to the authorization of Rule 81.13 a "Partial Transcript," approved by the trial judge, counsel for the state and the defendant, Amos Bruce, was filed in this court.

As best we can glean from the transcript, the basis for this appeal is "the failure of

the lower court to observe the statutory law of the State of Missouri, namely Section 610.105 V.A.M.S."

To ascertain the points to be considered on appeal we turn to defendant's brief. The following are the Points Relied On as they appear in the defendant's brief:

"I

The Prosecuting Attorney is forbidden the use of nolle-prossed records as pertains to a misdemeanor charge in any proceeding, including any further litigation.

II

Under the established rules of statutory interpretation, the court cannot interpolate words or phrases into a clearly enacted statute and when said statutory enactment is clear and concise, it must not be eluded under the pretext of grasping its intention.

III

The use of nolle-prossed records creates a violation of the citizen's statutory rights in the event of an appeal to an appellate court."

It is apparent that these Points Relied On are in violation of Rule 84.04(d) in that they constitute nothing more than abstract statements and do not "state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, . . . Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this rule." Defendant has therefore preserved nothing for this court to review.

Defendants chose to appear in both the trial court and in this court in propria persona. We have been directed to no evidence that they are indigent nor have requested the appointment of counsel on that grounds. Having elected to conduct their own defense they are bound by the same rules of procedure as are those admitted to the practice of law, and are entitled to no indulgence they would not have received if they were represented by counsel. *Collec-*

*tor of Revenue of the City of St. Louis v. Parcels of Land Encumbered with Delinquent Tax Liens et al.,* 531 S.W.2d 100[2] (Mo.App.1975).

Judgment affirmed.

WEIER and GUNN, JJ., concur.