STATE of Missouri, Respondent,

v.

Donald BARTON, Appellant.

No. 11079.

Missouri Court of Appeals,
Southern District.

Jan. 14, 1980.

John D. Ashcroft, Atty. Gen., Steven W. Garrett, Asst. Atty. Gen., Jefferson City, for respondent.

Richard L. Parker, Asst. Public Defender, Rolla, for appellant.

## PER CURIAM:

Defendant was charged as a habitual criminal (§ 556.280)[1] with first degree robbery (§§ 560.120 and 560.135) and kidnapping. § 559.240. He was jury-convicted of both charges and court-sentenced to consecutive terms of 15 years for robbery and 3 years for kidnapping. At the trial, defendant, upon his insistence, represented himself with the aid of an assistant public defender who appeared in an advisory capacity.[2]

The first point relied on by defendant is to the effect that the court nisi erred in overruling his motion to suppress "physical evidence of a .22 caliber rifle" that "was discovered as a result of an involuntary statement given by defendant to Officer Swain." It has the following factual background. Officer Swain was not subpoenaed by defendant as a witness to appear on his "Motion to Suppress Statement and Physical Evidence" and was not present at that hearing. In presenting his motion, and after realizing he could not possibly proceed successfully without Swain's testimony, defendant asked for a continuance, which was granted. However, on the same day defendant later sought permission to withdraw his request for a continuance on the motion to suppress. This request was also granted and the motion to suppress (lacking any factual support) was overruled. Nevertheless, we find at page 116 of the transcript on appeal the following entry: "Out of presence of jury both sides announce ready for hearing on Motion to Suppress. Evidence heard and statement of defendant that 'It (meaning the gun) might be found in someone's yard near the Sound Center on Highway 72', suppressed. Motion in all other respects overruled."

When the rifle complained of by defendant was introduced at trial, the court asked defendant, "Any objection?" Defendant replied, "No, Your Honor." Defendant must first make a proper and timely objection to the introduction of evidence at trial if a complaint as to the evidence is to lie on appeal. As no trial objections were made, the point relied on was not preserved for our consideration. *State v. Howard,* 564 S.W.2d 71, 74[1] (Mo.App. 1978); *State v. Murphy,* 521 S.W.2d 22, 25[1] (Mo.App.1975); *State v. Triplett,* 520 S.W.2d 166, 170[11] (Mo.App.1975).

Defendant's second point relied on reads: "The court erred in allowing witness Donald Blankenship to testify concerning statements made by defendant where such statements were not disclosed prior to the trial when defendant had filed a motion for discovery requesting all statements which he had made for the reason that defendant and his counsel were unable to prepare for trial and were surprised at trial."

The fundamental purpose of Rule 25.32[3] is to allow discovery by defendant so that he may properly prepare for trial and specifically for cross-examination. *State v. Broyles,* 559 S.W.2d 614, 616[3] (Mo.App. 1977).

If the state fails to produce evidence or statements pursuant to a Rule 25.32 request, the remedy available to the defendant, whether it be suppression of the subject statement or evidence, a continuance, a mistrial, or some other appropriate remedy, is within the sound discretion of the trial court. *State v. Davis,* 556 S.W.2d 45, 47–48[4] (Mo. banc 1977); *State v. Couch,* 569 S.W.2d 789, 791[2] (Mo.App.1978).

Defendant took the stand at trial and denied he had used a gun or even had possession of a weapon at any time the charged crimes were being committed.

---

1. Statutory references are to RSMo 1969.

2. When a defendant elects to represent himself he is bound by the same rules of procedure as those admitted to practice law and is entitled to no indulgence he would not have received if he were represented by counsel. *Faretta v. California,* 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525, 45

L.Ed.2d 562 (1975); *State v. Sheets,* 564 S.W.2d 623, 628[5] (Mo.App.1978); *State v. Bruce,* 554 S.W.2d 482, 483[2] (Mo.App.1977).

3. References to rules are to Missouri Supreme Court Rules of Criminal Procedure, V.A.M.R.

When the state's rebuttal evidence was presented, Officer Blankenship testified, in effect, that, following defendant's apprehension, defendant lamented having thrown the gun away because Blankenship's appearance "made a perfect target" and the reason defendant hadn't shot the victim of the crimes "was because there was a house too close." As stated in *State v. Bea,* 509 S.W.2d 474, 476 (Mo.App.1974), ". . . any material prior inconsistent statements may be shown to impeach a defendant's credibility, and the shroud of protection given defendant by sustaining his motion to suppress because of a breach of duty on the part of the state should not be perverted into a license for a defendant to use perjury by way of a defense, free from the risk of confrontation with prior material inconsistent utterances." Also, see *Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971). We find no abuse of discretion here. Defendant's second point is denied.

Defendant's third and last point recites: "The court erred in not instructing the jury of the limited admissibility of the prior suppressed statement for impeachment purposes only at the time such testimony was offered when such instruction regarding limited admissibility was requested by defendant for the reason that the failure to timely instruct the jury prejudiced the rights of the defendant."

Defendant candidly admits that he knows of no authority which requires a trial court to give a limited admissibility instruction immediately before or after the testimony is offered. The proper time to formally instruct the jury is at the close of all the evidence. The court did so by giving Instruction No. 5A in the words of MAI–CR 3.52.

Judgment affirmed.

All concur.