Donald BARTON, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 12090.

Missouri Court of Appeals,
Southern District,
Division One.

April 1, 1981.

Motion for Rehearing or to Transfer to Supreme Court Denied April 20, 1981.

Application to Transfer Denied
May 11, 1981.

Terry Daley, Public Defender, Rolla, for movant-appellant.

John D. Ashcroft, Atty. Gen., Jay D. Haden, Asst. Atty. Gen., Jefferson City, for respondent.

TITUS, Judge.

As a habitual criminal (§ 556.280),[1] movant was jury-convicted of first degree robbery (§ 560.120 and 560.135) and kidnapping (§ 559.240) and court-sentenced to consecutive terms of 15 years for robbery and 3 years for kidnapping. The conviction was affirmed upon appeal. *State v. Barton*, 593 S.W.2d 262 (Mo.App.1980). We now have for consideration movant's appeal from the court nisi's order overruling his Rule 27.26 motion without evidentiary hearing.[2]

Under paragraphs 8 and 9 of the motion, movant complains, inter alia, that the criminal trial court erred in permitting a police officer, over objection, to testify as a rebuttal witness for the state concerning unrecorded statements made by movant, then defendant, which had not been disclosed pursuant to a Rule 25.03 request. The postconviction motion also asseverates the criminal trial court fell into error in permitting the introduction of a rifle at trial as an exhibit. As herein candidly admitted by movant, a reading of the opinion in *State v. Barton*, supra, 593 S.W.2d at 264–265[2–6] will disclose these claimed errors were specifically raised and rejected upon direct appeal. Contentions which have been ruled in a direct appeal are not to be considered again in an appeal from the denial of a Rule 27.26 motion. *Zinn v. State*, 588 S.W.2d 177, 178[1] (Mo.App. 1979); *Henson v. State*, 581 S.W.2d 595, 596[1] (Mo.App.1979); *Hampton v. State*, 558 S.W.2d 369, 371[4] (Mo.App.1977).

The transcript of the criminal trial events discloses that defendant (now mov-

---

1. References to statutes and rules are RSMo 1969 and Missouri Rules of Court.

2. Movant's original pro se motion was amended by court-appointed counsel.

ant), after repeated and careful inquiry by the court and after being made amply aware of the disadvantages of self-representation, knowingly and intelligently elected to represent himself with the assistant public defender "appearing in an advisory capacity." Surprisingly, or unsurprisingly enough, in his Rule 27.26 motion, movant sought postconviction relief because his criminal trial counsel "was ineffective in that the counsel for Movant was Movant's self." When a defendant in a criminal case [*Faretta v. California*, 422 U.S. 806, 834, n. 46, 95 S.Ct. 2525, 2541, n. 46, 45 L.Ed.2d 562 (1975); *State v. Sheets*, 564 S.W.2d 623, 628[5] (Mo.App.1978); *State v. Bruce*, 554 S.W.2d 482, 483[2] (Mo.App.1977)] or a movant in a Rule 27.26 matter [*Riley v. State*, 545 S.W.2d 711, 712[1] (Mo.App.1976)] elects to represent himself, he is bound by the same rules as those admitted to practice law, is entitled to no indulgence he would not have received if he were represented by counsel and has no standing to complain that the quality of his own defense amounted to the denial of effective assistance of counsel. *State v. Nicolosi*, 588 S.W.2d 152, 157[9] (Mo.App.1979).

 Finally in movant's postconviction motion is the claim that the criminal trial judge "enhance[d] the Movant's sentence because the Movant failed to take the stand and deny" the police officer's rebuttal testimony alluded to in the second paragraph of this opinion. Enhancement of a sentence presupposes the existence of a sentence to be augmented or intensified. Here, there existed no sentence for the court to enhance and the sentence the court did impose was never added to in any manner. However, if movant's contention is that the sentence pronounced was greater than it would have been had he contradicted the officer's rebuttal testimony, such a claim is not based upon any averred fact or anything evident of record but rather is wholly predicated upon unsupported conjecture and fanciful surmise. When movant fails to allege facts in his motion which, if true, would be sufficient to state a claim for relief, he is not entitled to an evidentiary hearing [*Parton v. State*, 545 S.W.2d 338, 342[14] (Mo.App.

1976)], and a bare claim of excessiveness of a sentence is not cognizable on a motion to vacate a judgment where the sentence, as here, is well within the authorized statutory limits. *Duncan v. State*, 524 S.W.2d 140, 142[3] (Mo.App.1975).

Judgment affirmed.

GREENE, P. J., and FLANIGAN, J., concur.