**Gary Charles BARBER,**
**Movant-Appellant,**

v.

**STATE of Missouri,**
**Plaintiff-Respondent.**

**No. 45076.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 27, 1982.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1982.

Application to Transfer Denied
Oct. 18, 1982.

Robert W. Meyer, Clayton, for movant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for defendant-respondent.

DOWD, Presiding Judge.

This is an appeal from the denial of a Rule 27.26 motion without an evidentiary hearing. We affirm.

Gary Barber, the movant-appellant, was convicted by a jury of one count of operating a motor vehicle without the consent of the owner, two counts of second-degree burglary and stealing. He received two, five year and two, ten year concurrent sentences and one consecutive five year sentence. The conviction was affirmed on appeal. *State v. Barber,* 587 S.W.2d 325 (Mo. App.1979).

The movant contends on this appeal that the trial court erred in denying his motion without an evidentiary hearing because the evidence was insufficient to convict him of operating a stolen vehicle. This contention, however, was raised and decided on direct appeal and cannot be considered again on appeal from the denial of movant's Rule 27.26 motion. *Sweazea v. State,* 515 S.W.2d 499, 501 (Mo. banc 1974); *Barton v. State,* 614 S.W.2d 766, 767 (Mo.App.1981).

Movant also claims ineffective assistance of counsel in two respects: (1) failure to call the magistrate to testify that the patrolman's testimony at trial differed from his preliminary hearing testimony and (2) failure to have the automobile and stolen goods examined for fingerprints. Movant's first allegation of ineffective assistance of counsel is not reviewable since it was not raised in his Rule 27.26 motion. *Moore v. State,* 624 S.W.2d 520, 522–23 (Mo.App. 1981).

Movant's second claim, that counsel was ineffective because he failed to have the automobile and stolen goods examined for fingerprints, is without merit. The record of the original trial shows that the automobile and the stolen goods were examined for fingerprints. Thus, movant has failed to show that the attorney's conduct did not conform to the customary skill and diligence of a reasonably competent lawyer rendering similar services and that prejudice resulted. *Seales v. State,* 580 S.W.2d 733, 736 (Mo. banc 1979). The trial court's denial of his Rule 27.26 motion without a hearing was not clearly erroneous.

Affirmed.

GUNN, C. J., and SIMON, J., concur.