**Winford STOKES, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 47517.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 15, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 19, 1984.

Application to Transfer Denied
July 17, 1984.

Leonard W. Buckley, Jr., St. Louis, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Movant appeals, after an evidentiary hearing, his Rule 27.26 motion. We affirm.

On September 10, 1979, in St. Louis Circuit Court, movant pleaded guilty to second degree murder, two counts of first degree robbery, armed criminal action, two counts of escaping custody and stealing a motor vehicle. Movant was sentenced to concurrent terms of imprisonment totalling fifty years. Thereafter, movant was convicted in St. Louis County Circuit Court of capital murder and sentenced to death. This conviction was affirmed on appeal in *State v. Stokes*, 638 S.W.2d 715 (Mo. banc 1982).

Movant filed this 27.26 motion alleging that the pleas of guilty rendered in St. Louis Circuit Court were involuntary and that he was tricked and misled by his attorney.

An extensive evidentiary record was made. In September, 1979, movant had seven felony charges pending against him in the St. Louis Circuit Court (including one for capital murder) and a capital murder charge pending against him in St. Louis County. On the day set for the trial of these charges in the City, the state offered to reduce the capital murder charge to second degree murder and recommend a sentence of fifty years with the sentence to run concurrent with the sentences for the other six felonies. The offer was conveyed to movant who wanted to know about the disposition of the pending capital murder charge in St. Louis County. The assistant prosecuting attorney and defendant's attorney spoke with the first assistant prosecuting attorney in St. Louis County, who agreed to reduce the capital murder charge to second degree murder, and recommend fifty years to run concurrent with the sentences received in the City. This offer was conveyed to movant who agreed to it. The entire agreement encompassing all charges in the City and County was discussed with Judge McBride, who said he had no objection to the arrangement. Thereafter, defendant pleaded guilty to the seven felonies in the City and was sentenced in accordance with the plea bargain.

Approximately 10 days later, movant was transferred to St. Louis County. The trial judge was informed of the plea arrangements and stated he had no objection to it. The state filed an amended information reducing the capital murder charge to second degree murder. According to defendant's attorney:

[a]t some point during the plea Winford decided he didn't want the deal. And the Judge said to him, "Well, are you going to plead guilty?" and he said, "No." and I said, "What's wrong?" and he said, "They're lying on me." And I said, "What do you mean they're lying on you?"

Apparently the newspapers had reported inaccurately the plea downtown and said that it was all consecutive time. And I said, "Well, you heard the Judge yourself downtown." But he dug his

heels in and said, "No, I'm not taking any kind of a plea."

So at that point the state frankly got miffed and withdrew their offer. And the Judge said, well, there was nothing he could do about it. All he could do was schedule the case for trial.

That afternoon, movant's attorney spoke to movant and he agreed to again accept the plea arrangement. The next day, movant's attorney communicated this to the office of the St. Louis County Prosecuting Attorney, but they refused to reinstate the offer. Movant was thereafter convicted of capital murder.

The 27.26 motion court found that movant's pleas of guilty were knowingly and voluntarily made. The court further found that:

> Movant's pleas of guilty having been knowingly and voluntarily made, could not thereafter be rendered involuntary by movant's subsequent decision to exercise his constitutional right to a trial by jury in the cause pending against him in the 21st Judicial Circuit of the State of Missouri.

■ The court also found that movant failed to prove by credible evidence that his pleas of guilty were the result either directly or indirectly of any misrepresentation made by his attorney. Our appellate review is limited to whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j).

■ On appeal, movant first contends the trial court erred because "movant's guilty plea was rendered involuntary for the reason that the plea agreement was not upheld," relying on *State v. Hoopes*, 534 S.W.2d 26 (Mo. banc 1976) and *Shepard v. State*, 549 S.W.2d 550 (Mo.App.1977). In *Hoopes*, the Supreme Court quoted with approval from *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971) as follows: "[w]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration such promise must

be fulfilled." 534 S.W.2d at 36. To the same effect is *Shepard v. State*, 549 S.W.2d 550, 551 (Mo. banc 1976). We have no quarrel with this proposition, but it has no application here because it was not the state but, rather, movant who reneged on the agreement. The movant, as well as the state, is bound by the plea agreement. *McIntosh v. State*, 627 S.W.2d 652, 655 (Mo.App.1981). The record squarely establishes that the state in good faith carried out its end of the plea agreement until movant's unilateral decision to abrogate it. Movant was sentenced in accordance with the plea bargain in the City, and the state reduced the capital murder charge pending in St. Louis County to second degree murder. It is clear that but for movant's actions he would have been sentenced in the County in accordance with the plea agreement. No matter how ill-advised movant's actions were, by breaking the plea agreement, movant could no longer insist that the state abide by it. We find no merit to movant's point.

■ In movant's second point, he contends he received ineffective assistance of counsel because his attorney did not *inter alia* attempt to withdraw the pleas of guilty in the City Circuit Court after he failed to plead guilty in St. Louis County in accordance with the plea bargain. This point was not raised in movant's 27.26 motion and cannot now be raised for the first time on appeal. *Barber v. State*, 639 S.W.2d 180, 181 (Mo.App.1982).

Affirmed.

DOWD, C.J., and KAROHL, J., concur.