STATE of Missouri, Respondent,

v.

J. Roscoe VANDEVENTER, Appellant.

No. 52484.

Missouri Court of Appeals, Eastern District, Division One.

March 22, 1988.

J. Roscoe Vandeventer, pro se.

William L. Webster, Atty. Gen., John M. Morris, L. Timothy Wilson, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant was convicted of abuse of a child, § 568.060, RSMo 1986, and sexual abuse in the third degree, § 566.120, RSMo 1986. He was sentenced to seven years' imprisonment for abuse of a child and six months' imprisonment for sexual abuse in the third degree, the terms to run concurrently. We affirm.

In September of 1985, defendant asked juvenile, a fifteen-year-old female, whether she would be willing to model for him at his home. Juvenile told defendant she would need her parent's permission, and she did not believe they would give their consent. Defendant advised her not to ask her parents and to bring along a swimsuit to model in. Defendant subsequently phoned juvenile and arranged for her to model on October 3, 1985. At that time, defendant also asked juvenile's measurements so he could purchase some lingerie for her to model.

On the afternoon of October 3, defendant picked up juvenile at her high school and took her to his home. The modeling was done in defendant's bedroom. Juvenile began by wearing the swimsuit, and in the final photographs juvenile was nude. Juvenile was unaware of defendant's intention to take nude photographs until he asked her to take her clothes off. Many of the pictures were taken with juvenile on defendant's bed.

After defendant finished taking the photographs, but before juvenile was dressed, defendant beckoned her to him and began touching and kissing her breasts. Juvenile pushed defendant away, went into the bathroom and got dressed. Defendant gave juvenile $100 and drove her to her boyfriend's home.

Defendant admitted taking the pictures, but denied touching or kissing juvenile. He testified his purpose in taking the pictures was to enter them into a contest called the "Girl Next Door," and denied it was for the purpose of sexual gratification or stimulation.

Defendant filed both a brief and a reply to respondent's brief. However, both fall

short of the requirements of Rule 30.06. Defendant's original brief contained only a jurisdictional statement and a statement of facts. His reply brief contained a statement of facts and a section labelled "argument." Each brief had exhibits attached thereto. Neither brief complied with 30.-06(a) and (d) because they lacked points relied on. The statement of facts in both briefs failed to comply with 30.06(c) because they were not "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 30.06(c). Defendant attempted to comply with Rule 30.06(h) by including some page references; however, many of the statements had no basis in the record.

We are aware defendant elected to represent himself in this matter; however, a *pro se* defendant is bound by the same rules of procedure as an attorney. *State v. Barton*, 593 S.W.2d 262, 264 n. 2[1] (Mo.App. 1980). However, in the interest of fairness, we will discuss each of the points we were able to discern from a reading of the briefs.

■ Defendant first argues the search warrant was invalid because of lack of probable cause, and the search was overbroad. In effect, defendant is objecting to the admission at his trial of evidence found during the search. Defendant's motion to suppress this evidence and/or quash the search warrant was denied at a pretrial hearing. Because he failed to furnish a transcript of that hearing, we are denied the complete record needed to review this complaint. *State v. Harris*, 673 S.W.2d 490, 491[1] (Mo.App.1984). For that reason, we must rule against defendant on this point.

■ Defendant next asserts he was denied his sixth amendment right to a speedy trial. An examination of the record shows that approximately thirteen months elapsed between the time defendant was arrested and his trial. The United States Supreme Court, in *Barker v. Wingo*, examined the right to a speedy trial. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The court listed four factors to use in determining when this right has been violated. Those factors are the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Id.* at 530[17], 92 S.Ct. at 2191. Even if we assume the delay in this case was presumptively prejudicial, defendant's argument falters when we examine the remaining factors. The reasons for the continuances vary, but more often than not, they were for the benefit of defendant. Defendant did not assert his right to a speedy trial until his appeal, thus he did not ask for a speedy trial, but for the dismissal of a case he lost. Finally, defendant has shown no prejudice to him by the delay. *See State v. Nelson*, 719 S.W.2d 13, 19[13] (Mo.App.1986); *see also State v. White*, 689 S.W.2d 699, 702–704[10] (Mo.App.1985).

■ Defendant next alleges there was insufficient evidence to support the verdict. From a review of the record, we find this contention has no merit. *See State v. Morrison*, 659 S.W.2d 346, 347[1] (Mo.App. 1983) (to determine if evidence was sufficient to support the charge, accept as true all evidence favorable to the state and disregard all evidence to the contrary).

■ Finally, defendant asserts the sentences imposed by the court violated his constitutional rights. We note that the sentences imposed were within the limits imposed by § 558.011.1(3) and (6). For that reason, we cannot judge the punishment to be excessive. *State v. Thomson*, 705 S.W. 2d 38, 42[9] (Mo.App.1985).

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.