David JOHNSON, Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 53533.

Missouri Court of Appeals,
Eastern District,
Division One.

April 26, 1988.

Melinda K. Pendergraph, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Scott L. Templeton, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Pursuant to a plea bargain concerning two consolidated burglary cases, movant pled guilty to two counts of first-degree burglary, two counts of felony stealing, and two counts of possession of burglary tools. In exchange for movant's guilty pleas the state agreed to dismiss a count of armed criminal action filed in one of the burglary cases, "to file no other potential burglary charges which they [the state] may have evidence of," and to recommend a maximum total sentence of 20 years for the six counts. Movant also agreed to testify for the state in another case. The court questioned movant, ascertaining his understanding of his actions, of the plea agreement, of his waiver of constitutional rights, and of the crimes charged against him. The court then accepted his guilty pleas to the six counts and sentenced him to a total of 18 years' imprisonment.

Movant filed a pro se Rule 27.26 motion, stating five points in support of it. Counsel was appointed to represent him, and an amended motion was filed, which added one point to those stated in the pro se motion. At the evidentiary hearing movant testified on his own behalf and the state called movant's guilty-plea counsel, the prosecutor, Officer Robert McCoy, and Officer Edward Barker to testify. Thereafter, the motion court issued findings of fact and conclusions of law, denying movant's motion.

In his principal point on appeal, movant contends the motion court erred "in failing to enter specific findings of fact" regarding his claim of "prosecutorial misconduct" in promising him "amnesty" for other crimes.

Movant's claim, set forth in his pro se motion, states the following:

(a) prosecutorial misconduct: The State's Attorney by whom I was prosecuted, representing the County of Cape Girardeau, negotiated with me before I was appointed counsel where I was guaranteed amnesty exempt [sic] from the two (2) burglaries of which I was convicted in exchange for immunity but as he phrased it "amnesty" for all past crimes in which I had engaged. I acceded to this and admitted to several crimes, thereby incriminating myself.

The motion court made the following pertinent findings:

3. Movant's first allegation charges prosecutorial misconduct in that a representative of the prosecutor's office "negotiated with me ... [directly quoting movant's point (a) from his pro se motion as set forth above.]"

4. Movant was advised of his Miranda rights at the Cape Girardeau Police Department at approximately 9:00 a.m. on

May 9, 1985. A statement was not obtained from him at that time.

Thereafter, movant gave a seven-page statement, which was concluded at approximately 3:37 p.m. on May 9, 1985. In that statement, movant admitted that he participated in the burglary and stealing at Stereo One. In effect, he admitted all the essential elements of the three counts set forth in Case No. CR585–315FX, and for which he received sentences of fifteen years for burglary, three years for stealing (consecutive to fifteen years), and one year for possession of burglar's tools (to run concurrent).

5. Assistant prosecuting attorney James Hahn met with movant for about 10 minutes sometime after the above statement was made. During this meeting, detective Ed Barker was present.

6. The complaint in Case No. CR585–621FX was filed on September 19, 1985. It contains three counts relating to a burglary and stealing at Stereo One on March 25, 1985, plus possession of burglar's tools on that date. Ultimately, he pled guilty to those charges and received sentences of five years, one year, and one year, all running concurrently with each other and with the sentences in CR585–315FX.

7. There was no showing that defendant was in any way injured by whatever he, Jim Hahn and Ed Barker discussed. The sentence he received in Case No. CR585–315FX was within the range of punishment authorized for the offenses and within the ceiling of twenty years imposed by the plea agreements.

Rule 27.26(i) requires the motion court to "make findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." If the findings and conclusions sufficiently cover all points raised in the Rule 27.26 motion so as to permit meaningful appellate review of the court's judgment, then those findings of fact and conclusions of law should be sufficient. *McCoy v. State*, 610 S.W.2d 708, 709 (Mo.App.1981).

The court directly addressed movant's obscure point, finding movant suffered no prejudice from the plea negotiations with the prosecutor because the guilty plea court followed the plea agreement and sentenced movant to less than 20 years' imprisonment. The court's findings on this point are sufficient.

In the same point relied on, movant contends his guilty pleas were involuntary because he "did not understand that the plea agreement was that the state would not file charges against him and that the judge may use the prior offenses during sentencing." He alleges that the prosecutor said he would have "amnesty" from the other burglaries and that he understood "amnesty" to mean he would "be sentenced for the crimes [he] was pleading guilty to, and that is all." He argues the guilty plea court considered the burglaries which the state agreed not to charge him with to increase his sentence. This point was not raised in movant's pro se motion or amended motion and cannot be raised for the first time on appeal. *Stokes v. State*, 671 S.W.2d 822, 824 (Mo.App.1984).

Moreover, assuming this claim was raised by point (a) quoted above from movant's pro se motion, as apparently movant assumes, we do not believe the court's finding, that movant was not prejudiced by the plea negotiations with the prosecutor, is clearly erroneous. The benefits to movant of the plea agreement as stated to the guilty plea court were three-fold: a charge of armed criminal action against him would be dismissed; he would not be charged with other burglaries the state suspected he committed; and, he would receive a total sentence of 20 years or less. Movant received all three benefits of the agreement. So long as the court adhered to the agreement regarding the maximum sentence, it could make no reasonable difference to movant what factors the court considered in sentencing him.

Judgment affirmed.

GARY M. GAERTNER, P.J., and SIMEONE, J., concur.