**STATE of Missouri, Respondent,**

v.

**Joseph Anthony DUSSO, Appellant.**

**No. WD 40347.**

Missouri Court of Appeals,
Western District.

Nov. 1, 1988.

K. Louis Caskey, Kansas City, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and TURNAGE and COVINGTON, JJ.

LOWENSTEIN, Presiding Judge.

Dusso appeals a jury verdict and judgment finding him guilty of possession of cocaine. §§ 195.020 and 195.017, RSMo. 1986. Sentence was set at ten years.

At the outset the court notes the utter failure of the appellant's brief to comply with various portions of Rule 30.06. As pointed out by the state, the most glaring weakness of the brief is the failure to include a "Points Relied On" section. Rule 30.06(d); *State v. Vandeventer*, 746 S.W.2d 658, 660 (Mo.App.1988). Appellate review is severely hampered when allegations of error are interspersed throughout the argument portion of the brief. In the interest of fairness this opinion will address what points are discerned from the brief. *Vandeventer, supra*, at 660.

The first point is based on the denial of the defendant's motion for a judgment of acquittal at the close of the state's case. After his motion was overruled, Dusso proceeded to introduce evidence in his own behalf which waived any claim of error on the ruling. *State v. Neal*, 610 S.W.2d 358, 359 (Mo.App.1980).

The next point attacks the sufficiency of the evidence. The role of this court is not to weigh the evidence, rather it is to ascertain whether there was sufficient evidence put forth at trial so that a reasonable person could conclude that the defendant is guilty as charged. *State v. Barber*, 635 S.W.2d 342, 343 (Mo.1982). "In testing the sufficiency of the evidence, facts and appropriate inferences intelligently drawn therefrom must be assessed in a light most favorable to the verdict and all adverse inferences and evidence disregarded." *State v. Gobble*, 675 S.W.2d 944, 946 (Mo. App.1984) (citation omitted). See *State v. Guinan*, 665 S.W.2d 325, 329 (Mo. banc 1984), *cert denied*, 469 U.S. 873, 105 S.Ct. 227, 83 L.Ed.2d 156 (1984).

The evidence in this case is that on December 19, 1986, in Cass County, Missouri Highway Patrol trooper Wingo saw a car speeding toward Kansas City on northbound Highway 71. The officer used his emergency lights to signal the car to pull over. Dusso, the driver of the car, pulled over and stopped. Dusso, got out of his car and started to walk back towards the patrol car. Wingo met him in-between the two vehicles. The trooper said he "could smell a strong odor of burnt marijuana

coming from Mr. Dusso." Dusso was arrested and read his rights. Dusso told Wingo he had some joints of marijuana in his car. Wingo searched the automobile Dusso had been driving and found several marijuana cigarettes. The trooper searched the back seat of the car and found a paper bag sticking out from underneath the driver's seat on the rear floorboard. On top on the paper bag was a jacket, a pair of shoes, a pair of pants, a shirt, and a jacket. The jacket was on top of the other items. The trooper picked up the jacket and felt a heavy object in the sleeve. He reached into the sleeve and found $10,000.00 in cash. Additionally, the trooper found concealed in the sleeve of the jacket a clear large zip-lock bag which held other smaller clear zip-lock bags. Those smaller bags contained large amounts of white powder. It was later determined that the white powder was $40,000 worth of cocaine.

Dusso told Wingo that in response to an advertisement, he had been hired by a man in Chicago to drive this car to California. Dusso, however, did not know the man's name. He did, however, later tell Wingo that the destination was Sacramento, but he did not know the address. There was no written agreement. Wingo also asked Dusso why he was driving north in Cass County Missouri when he was supposedly heading to California from Chicago. Dusso said he, "wanted to go through Minnesota." Dusso later testified that one of the reasons he was in Missouri was to visit relatives in St. Louis. Dusso never mentioned this to Wingo.

Trooper Wingo testified that Dusso originally denied that the clothing found in the car belonged to him. Dusso claims to not remember making that statement, but at trial admitted all the clothing except the jacket belonged to him. Dusso stated the jacket was on the back seat of the car when he took possession of the automobile in Chicago. He claimed to never have examined the jacket. As to how the jacket ended up on top of his clothing, Dusso said the jacket must have fallen off the back seat and landed on his clothes.

The car, a 1975 Oldsmobile Cutlass, 2 door was registered to a Daniel Curley.

The police made detailed inquiries as to Mr. Curley's whereabouts, but had no success.

The Missouri Supreme Court in *Barber*, 635 S.W.2d at 343 wrote:

> To sustain a conviction for possession of a controlled substance under § 195.020, the state must prove that the defendant knowingly and intentionally possessed the proscribed substance. To meet this burden, conscious, intentional possession, either actual or constructive, must be established. The state must also show that the defendant was aware of the presence and nature of the substances in question. Both possession and knowledge may be proved by circumstantial evidence. If actual possession has not been shown, *"constructive possession will suffice when other facts buttress an inference of defendant's knowledge of the presence of the controlled substance."*

*Id.* (citations omitted) (emphasis added).

Given the facts it is clear that there was enough evidence to conclude the defendant was guilty of knowingly possessing the cocaine found in the vehicle.

 Dusso also asserts the trial court improperly allowed the jury to draw an inference based solely upon another inference. Inference stacking is prohibited because it allows a reasoning that is too attenuated. *State v. Nobles*, 699 S.W.2d 531, 533 (Mo.App.1985). The argument is the jury should not have been allowed to "presume the defendants ownership and possession of the jacket, and solely from that fact presume that he possessed the contraband concealed in the jacket and from the same original presumption that he knew the nature of the packets concealed in the jacket." This argument has no merit. As the state notes, the appellant confuses drawing several inferences from one set of circumstantial facts with drawing inferences from inferences. Here the jury could conclude from the stated facts, without improperly stacking inferences, that defendant knowingly possessed a controlled substance.

 The appellant also argues that the state improperly implied in its closing argu-

ment that the defendant was concealing evidence by the statement: "You're allowed to consider those things as you deliberate in that room. The jacket, I'll address it only momentarily. We didn't offer the jacket. We don't have the jacket. For all we know, Mr. Dusso may have his jacket." It is not clear from the record who was in possession of the jacket at the time of trial. The appellant, without citing a transcript page, claims that the state possessed the jacket in the property room of the Cass County Sheriff's office. Failure to provide a transcript page supportive of a factual allegation violates Rule 30.06(h), and can preclude appellate review. *State v. Berry,* 609 S.W.2d 948, 951 (Mo. banc 1980) (citing *State v. Laususe,* 588 S.W.2d 719, 722 (Mo. App.1979)). Nonetheless, there was evidence submitted that Dusso got some of his property back from the police but the jacket was not mentioned. It is unclear from the record whether the statement made during closing argument is incorrect. Moreover, even if this remark was inappropriate it did not result in any prejudice to the defendant's cause. *Clark v. Atchison & Eastern Bridge Co.,* 333 Mo. 721, 62 S.W.2d 1079 (1933), *cert. denied* 290 U.S. 701, 54 S.Ct. 229, 78 L.Ed. 693 (1933).

Dusso also asserts that during the prosecutor's closing argument the burden to proof as to whom the jacket belonged to was improperly shifted to the defendant. He cites to an earlier argument made by counsel that "That jacket ladies and gentlemen [sic] was found right there with them [defendant's clothing], right on top of them." The appellant admits that the objection to that statement, at the time of trial, was on other grounds, but (again without citing a transcript page) claims that the trial judge himself argued the shift of burden objection. There is nothing in the transcript to support his assertion.

In *Stewart v. Boring,* 312 S.W.2d 131, 135 (1958), the Missouri Supreme Court wrote that some statements made during trial are "so manifestly inflammatory and improper that a general objection, perhaps no objection, is sufficient to call for affirmative action on the part of the trial court." The cited statements are not manifestly improper and therefore the discretion rested with the trial court and "there must be a timely objection, successive requests for specific action and specific assignment in the motion for a new trial." Stewart, supra, at 135 (citations omitted). Under plain error review, no manifest injustice or miscarriage of justice occurred. Rule 84.13(c).

Finally, Dusso argues the state violated Rule 25.03(A) on the ground that it withheld information as to the location of the jacket. Rule 25.03 reads in part:

(A) Except as otherwise proved in these Rules as to protective orders, the state shall, upon written request of defendant's counsel, disclose to defendant's counsel such part or all of the following material and information within its possession or control designated in said request:

\* \* \* \* \* \*

(9) Any material or information, within the possession of the.state, which tends to negate the guilt of the defendant as to the offense charged, mitigate the degree of the offense charged, or reduce the punishment.

Dusso makes no assertion that any such request was made.

Finally, by way of a letter addendum to the brief Dusso advises this court of *State v. Allen,* 744 S.W.2d 865 (Mo.App.1988), as "... the latest case regarding the issues on appeal." Assuming he now attacks the search of the car or the control of the contents based on the car not belonging to him, the point is denied. The unrefuted evidence in *Allen* was the automobile had been subject to a written lease to a female companion of the defendant driver. There the contraband was found in the trunk which contained only women's clothing. Under those facts no actual or constructive possession of the drugs was imputed to the defendant. Under the facts here, Dusso may not obtain any of the benefits derived from *Allen.*

The judgment is affirmed.