**Ray F. HAYNES, Movant,**

v.

**STATE of Missouri, Respondent.**

No. 55795.

Missouri Court of Appeals, Eastern District, Division One.

July 18, 1989.

Donald J. Hager, Public Defender, Mary J. Lake, Asst. Public Defender, Farmington, for movant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Movant, Ray F. Haynes, appeals from the denial of his Rule 24.035 motion without an evidentiary hearing. Movant had previously pleaded guilty to two counts of rape and two counts of sodomy pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). He was sentenced to four consecutive thirty year terms. We affirm.

Movant first alleges he received ineffective assistance of counsel because counsel erroneously advised him that failure to plead guilty would subject him to the prior and persistent offender provisions of Section 558.019, RSMo (Supp.1988).

Movant failed to make any allegation concerning the prior and persistent offender provisions of Section 558.019 in his motion for postconviction relief. Movant cannot now raise this point for the first time on appeal. *Stokes v. State*, 671 S.W.2d 822, 824 (Mo.App.1984). Movant's first point is denied.

In his second point, movant claims he received ineffective assistance of counsel because counsel erroneously advised him he would be eligible for conditional release after serving five years of a one-hundred and twenty year sentence.

During the hearing of his guilty plea, the court informed movant as follows:

Q. So that I make no representations to you as to when you're possibly going to be eligible for parole or anything like that, because that is not my prerogative. That is up to the Parole Board. All I'm telling you is that you're subject to the same rules and regulations of the Parole Board as any other individual who pleads or is found guilty for the first time of one of these crimes. Do you understand that?

A. Yes, sir.

Q. Now, is that what you're talking about by your comments that Mr. Duncan had made you some—had told you about that and your parole possibilities?

A. Yes, sir.

Q. Okay. Now, he hasn't promised you that you're going to get parole in a certain length of time has he?

A. No, sir.

Q. You do understand he cannot do that. I couldn't do that. It's going to be up to the Parole Board.

A. Yes, sir.

■ A movant is entitled to an evidentiary hearing only when he pleads facts which if true would entitle him to relief and which are not refuted by the record. *Davis v. State*, 712 S.W.2d 50, 52 (Mo.App.1986). The record clearly indicates that movant was made fully aware of the consequences of entering his plea notwithstanding any representations made by counsel. Movant's second point is therefore denied.

In his third and final point, movant again contends he received ineffective assistance of counsel because counsel erroneously advised him to plead guilty to avoid the possibility of being sentenced as a persistent sexual offender pursuant to Section 558.-018, RSMo (1986). An extended opinion on this point would have no precedential val-ue. Movant's third and final point is denied. Rule 84.16(b).

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.