**Lester J. STRAUGHANN, III, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 56069.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 18, 1989.

Steven E. Jordon, Asst. Public Defender, Farmington, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Movant appeals the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

Movant pled guilty to three counts of burglary in the second degree, RSMo § 569.170 (1986). The trial court sentenced

movant to three seven year terms to run consecutively. The court suspended execution of sentence and placed movant on probation for five years. Movant subsequently violated the terms of his probation and the court executed movant's sentence. After movant served ninety days of his sentence the court considered movant for probation. The court restored movant's five year probation. Movant again violated probation and the court executed his sentence.

On June 1, 1988, movant filed a pro se Rule 24.035 motion raising allegations of ineffective assistance of counsel. No amended motion was filed. The motion court denied movant's motion without an evidentiary hearing and filed findings of fact and conclusions of law.

On appeal, movant claims that it was error for the motion court to find, without benefit of an evidentiary hearing, that his trial counsel was not ineffective in failing to properly investigate the movant's case. This claim is based on his trial counsel's failure to interview and secure testimony from the juveniles he was arrested with. Movant claims these juveniles could have provided him with an alibi.

■ This court's review is limited to determining whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 24.035(j); *Chatman v. State*, 766 S.W.2d 724, 725 (Mo. App., E.D.1989). To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Id.*

■ To be entitled to an evidentiary hearing on a post-conviction motion, that motion must allege: (1) facts, not conclusions, warranting relief; (2) facts that raise matters not refuted by the files and records of the case; and (3) the matters complained of resulted in prejudice to defendant. *Evans v. State*, 773 S.W.2d 164, 166–167 (Mo.App., E.D. 1989).

■ At the movant's plea hearing, the movant not only admitted the commission of the burglaries but also described in some detail how they were committed. This, as the motion court found, directly refutes his claim that he was passed out drunk in the car and did not participate in the burglaries. In addition, movant testified that he was satisfied with the advice and assistance his trial counsel provided him.

Upon the record of this case this court finds that movant was not prejudiced by any act or omission of trial counsel. The findings, conclusions and judgment of the motion court are not clearly erroneous and the court properly denied movant's motion without an evidentiary hearing. Affirmed.

GRIMM, P.J., and KAROHL, J., concur.