James Thomas GUYON, Appellant,

v.

STATE of Missouri, Respondent.

No. 56659.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 19, 1989.

Ellen H. Flottman, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, James Thomas Guyon, appeals the denial of his Rule 24.035 motion without an evidentiary hearing. On August 27, 1984, movant entered a plea of guilty to all charges contained in one information and one indictment. The charges arose out of two separate occurrences. Regarding the charges contained in the information, movant was sentenced to a term of four years for second degree attempted burglary and four years for possession of burglar's tools, to run concurrently. On the charges contained in the indictment, movant was sentenced to a term of seven years for receiving stolen property and four years for possession of burglar's tools, to run concurrently with each other and concurrently with the sentences imposed upon the information. Movant filed an amended Rule 24.035 motion asserting that his plea of guilty was involuntary and unknowing due to ineffective assistance of counsel. The motion court denied movant's claims without a hearing and we affirm.

We note at the outset that the movant would be entitled to an evidentiary hearing under Rule 24.035 if he has alleged facts, not merely conclusions, warranting relief, the facts are not refuted by the record, and the facts allege that prejudice resulted. *Chapman v. State*, 641 S.W.2d 428 (Mo.App., E.D.1982). The effectiveness of counsel's representation is only relevant to the extent that it shows that movant's confession of guilt was knowing and voluntary. *Id.* at 429. Our review of the motion court's denial of movant's motion without a hearing is limited to determining whether their findings and conclusions are clearly erroneous. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); Rule 24.035(j).

Movant first claims that his counsel informed him that the sentences imposed in the instant case would run concurrently with a sentence from a prior conviction in Jefferson City, from which he was out on bond. In his amended Rule 24.035 motion, movant claimed that this rendered his plea involuntary and that he felt as if he "had no choice but to plead guilty". These allegations are refuted by the record of the plea proceeding:

THE COURT: Has anyone made any promises or threats to induce you to plead guilty here, today?

MR. GUYON: No.

THE COURT: (referring to movant's Jefferson City conviction) Now, you understand that your plea of guilty here could constitute a basis of a revocation of that parole?

MR. GUYON: Yes.

THE COURT: Theoretically, if my mathematics are correct, you've got an exposure of—I think it's about 45 years. Do you understand that?

MR. GUYON: Yes.

Movant indicated that no promises were made to him that induced his plea, that he was aware that his parole may be revoked as a result, and that he was aware that the judge could have imposed a total of forty-five years imprisonment in this case, despite the fact that the prosecution was recommending a lesser sentence. Movant ac-

cepted the lesser sentence when imposed by the judge. Movant's first point is denied.

█ Movant's second claim is that counsel was ineffective because he "neither investigated nor endorsed witnesses for movant's defense". This does not sufficiently plead facts to warrant a hearing. Movant has not stated what an investigation would have produced, whether the unnamed witnesses would have testified, nor has he stated how any such testimony would have helped him had he gone to trial. This court found a similar allegation of ineffectiveness insufficient to warrant a hearing in *Fingers v. State*, 564 S.W.2d 91, 92 (Mo. App., St.L.Dist.1978). We also note that movant stated at his plea proceeding that his attorney had all of the facts necessary to advise him in this case. Movant's second point is denied.

█ Lastly, movant alleges that counsel was ineffective in failing to file motions to suppress evidence "including a statement allegedly given to police, a lab report, and evidence seized pursuant to an illegal search". The amended motion does not specify what statements were made, what the lab report contained, or what evidence was "illegally obtained". The motion does not state why any of this evidence was likely to have been inadmissible. The mere failure to file a motion to suppress evidence does not, by itself, constitute ineffective assistance. *Tollison v. State*, 556 S.W.2d 455, 458 (Mo.App., St.L.Dist.1977). Since this is all that is alleged by movant's motion, his last point is also denied.

The allegations made by movant are insufficient to show that movant's plea was involuntary and movant's claims are refuted by the record of the plea proceedings. The motion court's denial of movant's Rule 24.035 motion without a hearing is not clearly erroneous and as such we affirm.

REINHARD and CRIST, JJ., concur.