Donald **PHILLIPS**, Movant–Appellant,

v.

**STATE of Missouri, Respondent.**

No. 16268.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 31, 1990.

Motion for Rehearing or to Transfer
Denied Feb. 15, 1990.

Application to Transfer Denied
April 17, 1990.

John Klosterman, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, John M. Morris, Asst. Attys. Gen., Jefferson City, for respondent.

FLANIGAN, Presiding Judge.

Movant Donald Phillips appeals from an order of the Circuit Court of Barton County overruling, without evidentiary hearing, his Rule 24.035 [1] motion seeking to vacate a judgment and sentence entered by that court on August 5, 1988. The conviction was based on movant's plea of guilty, entered on June 20, 1988, to four charges. Three of the charges were: second degree burglary, stealing, receiving stolen property. The fourth charge was receiving stolen property. The stolen items described in the fourth charge were different from the items described in the other charge of receiving stolen property. Both receiving offenses allegedly occurred on March 10, 1987. The court imposed a punishment, for each of the four charges, of imprisonment for a term of six years, with the terms to run consecutively.

"Appellate review of the trial court's action on the motion filed under this Rule 24.035 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(j).

■ Movant's first point is that the trial court erred in overruling his motion without an evidentiary hearing because movant's conviction on both charges of receiving stolen property violated the double jeopardy provisions of the U.S. Constitution and the Missouri Constitution, and that his counsel at the guilty plea hearing was ineffective in failing to raise the issue of double jeopardy and thereby caused movant's guilty pleas to those two charges to be involuntary.

None of the matters sought to be raised by movant's first point was contained in his Rule 24.035 motion. Where, as here, no evidentiary hearing had been held on the motion, contentions not raised in the motion are not reviewable on appeal. *Irving v. State*, 755 S.W.2d 378, 381 (Mo.App. 1988). To similar effect see *Haynes v. State*, 779 S.W.2d 250[1] (Mo.App.1989); *Brooks v. State*, 760 S.W.2d 532, 533[1] (Mo.App.1988); *Tucker v. State*, 750

S.W.2d 730, 731 (Mo.App.1988); *Barber v. State*, 639 S.W.2d 180, 181[2] (Mo.App. 1982); *Moore v. State*, 624 S.W.2d 520, 522[4] (Mo.App.1981). The trial court, understandably, made no findings or conclusions with respect to the matters sought to be raised in movant's first point because the motion contained none of them. Movant's point has not been preserved for appellate review.

■ Movant's second point is that he was entitled to relief on his motion, and the trial court erred in ruling otherwise, because movant was denied effective assistance of counsel and his guilty pleas were thereby rendered involuntary in that movant "entered into the plea agreement following assurances by defense counsel to movant and another witness that the court would not impose consecutive sentences and would impose concurrent sentences on all counts."

To entitle movant to an evidentiary hearing on his Rule 24.035 motion, "that motion must allege: (1) facts, not conclusions, warranting relief; (2) facts that raise matters not refuted by the files and records of the case; and (3) the matters complained of resulted in prejudice to [movant]." *Straughann v. State*, 779 S.W.2d 256, 257[2] (Mo.App.1989). To similar effect see *Evans v. State*, 779 S.W.2d 253, 254[1] (Mo. App.1989). The record of the guilty plea hearing of June 20, 1988, refutes the matters raised in movant's second point.

Movant's motion alleged that his counsel at the guilty plea hearing told movant's fiancee, on June 20, 1988, "that he had arranged a deal with the prosecutor that movant would receive concurrent sentences." The motion also alleged that his counsel stated to movant "that the prosecutor had bargained to [receive] concurrent sentences."

At the guilty plea hearing of June 20, 1988, the court informed movant, in the presence of the prosecutor and movant's counsel, that the court understood a plea agreement had been reached. The court

---

**1.** All references to rules are to Missouri Rules of    Court, V.A.M.R.

read to movant the following plea agreement:

"We, the State of Missouri, will offer upon a plea of guilty to one count of Burglary, CR188–1F, one count Stealing, CR188–1F, one count [Receiving] Stolen Property, 188–3F, and one count Receiving Stolen Property, 188–8F, the following: Six years in the Department of Correction on each count, and will leave the determination of concurrent or consecutive terms to the discretion of the Court. The State may argue for consecutive terms and the defense may argue for concurrent terms. The State will also dismiss CR188–2F, one count Burglary and one count Stealing. The parties understand that the defense will request a presentence investigation."

The court informed movant that the plea agreement bore the signatures of the prosecutor, movant, and movant's counsel. Movant stated he understood the terms of the plea agreement. In response to additional questioning by the court, movant stated that he was satisfied with his attorney.

The following colloquy between the court and movant occurred:

"Q. Has [movant's counsel] persuaded you or induced you to plead guilty against your will?

A. No, Sir.

Q. Has he made any statement or promise to you as to what we'll do, now there is a plea-agreement, and the Court will accept that plea-agreement, has he made any statements or promises or any inducement beyond that plea-agreement as to what will happen to you?

A. No.

Q. Do you understand, under that plea-agreement, it's agreed the Court will sentence you to six years on each of the four counts, however, the Court will still have the discretion as to whether they will run concurrent or consecutive in whole or in part, do you understand that?

A. Yes, Sir."

The quoted excerpts from the record of the guilty plea hearing refute movant's contention that his pleas were induced by assurances from counsel that the court would not impose consecutive sentences and would impose concurrent sentences on all counts. See *McMahon v. State*, 569 S.W.2d 753, 758[3, 4] (Mo. banc 1978); *Guyon v. State*, 776 S.W.2d 907, 908[3] (Mo.App.1989); *LaRose v. State*, 724 S.W.2d 339, 340[2] (Mo.App.1987). Movant's second point has no merit.

The judgment is affirmed.

HOGAN and MAUS, JJ., concur.