**Martin James PETERSON,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 17579.

Missouri Court of Appeals,
Southern District,
Division Two.

March 25, 1992.

Brad B. Baker, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Chief Judge.

Movant Martin Peterson appeals from denial, without evidentiary hearing, of his Rule 24.035[1] motion seeking to vacate a judgment and sentence on a plea of guilty to a charge of sodomy. Movant was sentenced to five years in the Department of Corrections.

Movant's sole point is that he was entitled to relief on his motion, and the trial court erred in ruling otherwise, because his guilty plea was tainted by ineffective assistance of counsel at the guilty plea hearing, in that counsel "did not advise movant of the consequences of continuing with his plea of guilty after the trial court had rejected the plea bargain, and if movant had been properly advised he would not have entered a guilty plea."

To entitle movant to an evidentiary hearing on his Rule 24.035 motion, "that motion must allege: (1) facts, not conclusions, warranting relief; (2) facts that raise matters not refuted by the files and records of the case; and (3) the matters complained of resulted in prejudice to [movant]." *Straughann v. State*, 779 S.W.2d 256, 257[2] (Mo.App.1989). *Phillips v. State*, 785 S.W.2d 689, 690 (Mo. App.1990).

The findings and conclusions of the trial court included the following: "The files and record of movant's case, including the guilty plea and sentencing transcript, conclusively show that movant was entitled to no relief and was not entitled to an evidentiary hearing; allegations of ineffective assistance of counsel based upon underlying guilty pleas are considered only insofar as they affect the voluntary nature of the plea. Movant's allegations were refuted by the record and his trial counsel was not ineffective."

Appellate review of the trial court's ruling on a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(j).

The punishment which movant received was the statutory minimum. The challenged plea was the product of two hearings, the first occurring on September 6, 1990, and the second occurring on October 4, 1990.

---

1. All reference to rules are to Missouri Rules of Court, V.A.M.R.

At the September 6 hearing, movant, attended by his counsel, filed a written petition to enter a plea of guilty. Movant is a high school graduate. The court explained to movant the rights which he was waiving by the entry of the guilty plea. He also informed movant that the minimum punishment was five years in the state penitentiary. The court also stated the maximum punishment. The court was informed by movant, movant's attorney, and the prosecutor that a plea agreement had been reached which contemplated, among other things, that movant would receive a five-year sentence, execution of the sentence would be suspended, and he would be placed on supervised probation for five years. The court accepted the plea but delayed sentencing in order to obtain a presentence investigation.

At the October 4 hearing, with all parties in attendance, the court stated that he was not going to accept the plea agreement. The court informed movant that he had the opportunity to withdraw his plea and that, if he persisted in his plea, "the punishment that you'll receive from the court here today will be greater than that contemplated by the plea-bargain agreement." When asked by the court if he wished to persist in his plea or to withdraw his plea, movant stated, "I want to go ahead and go ahead with it." The court sentenced movant to five years' imprisonment. The court then placed movant under oath and interrogated him. Movant stated he was satisfied with the services of his counsel and had no complaints. Movant also stated that his answers to questions posed to him by the court at the September 6 hearing concerning his satisfaction with counsel's services would not be any different and that he was still satisfied with counsel's services. At the court's suggestion, movant's counsel left the courtroom and the court again asked him if he had any complaints or criticisms of his counsel, and movant replied that he did not. Movant also stated that counsel had done a good job for him.

Prior to the entry of his guilty plea, and the reentry of it following the court's rejection of the plea bargain, movant was informed that the minimum sentence was five years, and that was the sentence ultimately imposed. The motion made no claim that movant had not been informed of the minimum sentence or that he had forgotten what the minimum was. At no step in this post-conviction proceeding has movant alleged that he did not know the minimum punishment or that he did not know that the court could not impose a punishment less than the minimum. The record shows that movant was given that information by the court. Any statement by counsel, giving the same information, would be merely cumulative. Any failure to give such cumulative information would be nonprejudicial. Movant's point has no merit.

The judgment is affirmed.

MAUS and MONTGOMERY, JJ., concur.