STATE of Missouri,
Plaintiff-Respondent,

v.

Raymond Dale NEAL,
Defendant-Appellant.

No. 12056.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 1, 1981.

Motion for Rehearing and to Transfer to Supreme Court Denied Oct. 21, 1981.

Application to Transfer Denied
Dec. 14, 1981.

John D. Ashcroft, Atty. Gen., Brian P. Seltzer Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Charles Buchanan, Asst. Public Defender, Joplin, for defendant-appellant.

PREWITT, Presiding Judge.

Defendant was convicted of selling marijuana and sentenced to 45 years imprisonment. Two claims of trial court error are presented: (1) in failing to grant a mistrial or in failing to instruct the jury to disregard "questions of the prosecuting attorney asserting that other defendants had pled guilty based upon the testimony of the undercover informer" and (2) in not sustaining defendant's motion for judgment of acquittal because "the only evidence offered by the state to identify the substance was the opinion testimony of Miles Copher, whose only experience with marijuana was as an illegal drug user and as a drug pusher." As point two contends that the state failed to make a case we consider it first.

The principal witness against defendant was Miles Copher. He testified that defendant sold him 10 pounds of marijuana. Copher said that prior to that sale he knew what marijuana looked like; in the last two years he had smoked "10–12 joints" a day; and had made numerous sales of marijuana, apparently as many as a hundred. Copher said that he and his wife smoked three "cigarettes" from the marijuana defendant sold him. Defendant's counsel objected to Copher testifying that the substance was marijuana because he was not an expert.

The determination of an expert's qualification is a matter for the trial judge's discretion and that determination will not be overturned on appeal unless the record shows a clear abuse of discretion. *State v. Hanson*, 587 S.W.2d 895, 904 (Mo. App. 1979). An expert witness can acquire his knowledge from practical experience, as well as by scientific study or research. *State v. Rhone*, 555 S.W.2d 839, 841 (Mo. banc 1977); *State v. Hansen*, supra, 587 S.W.2d at 904. Police officers with considerable experience in investigating marijuana cases can testify that in their opinion a certain substance is marijuana, and such testimony is sufficient to make a submissible case on that issue. *State v. Roper*, 591 S.W.2d 58, 61 (Mo.App. 1979). We see no

reason why this witness could not also testify and his testimony be sufficient to make a submissible case. It appears likely that his familiarity and experience with marijuana would be more extensive than that of a police officer. His credibility was a question for the jury.

Previous experience in drinking moonshine whiskey and familiarity with it was sufficient to qualify witnesses to give an opinion that a liquid was moonshine whiskey. *State v. Moore*, 279 S.W. 133, 134 (Mo. 1925). The witness was more than an occasional user. He testified he used marijuana daily. He bought and sold marijuana and in doing so would apparently have had to have been able to recognize it, if not by sight at least by using it. He said he did smoke some of the marijuana defendant sold him. This point is denied.

■ Defendant's first point was not preserved in his motion for new trial, but his present counsel, who did not represent him in the trial, urges us to review it as plain error. We may consider plain errors when we find "that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20. Defendant's brief contends that questions asked the defendant by the prosecutor, indicating that other persons had pled guilty based upon the testimony of Copher, were hearsay, irrelevant, and prejudicial to defendant because "it suggested to the jury that pleas of other defendants was evidence of the credibility of the prosecution witness". There was no testimony that others had pled guilty based on Copher's testimony. Defendant, in answer to the question, stated he did not know if others had pled guilty based on Copher's testimony. The question does, however, infer that this had occurred and the prosecuting attorney's position would indicate that he would have knowledge of such pleas. The prosecutor contended at trial that this was evidence of Copher's ability to recognize marijuana. Out of the hearing of the jury defendant's objection was sustained but his request that the jury be instructed to disregard the question was refused.

Defendant contends that because there were lengthy deliberations and the trial court found it necessary to give the "hammer" instruction (MAI–CR 2d 1.10), and as the state's case hinged on the credibility of Copher, any indication of his credibility was prejudicial and may have been the difference between acquitting or convicting defendant. There was evidence that Copher was "turning state's evidence" against 12 other persons. That one or more of these people may have pled guilty because of his testimony would not show that Copher was telling the truth as to defendant. We think it unlikely that the jury would have considered the pleas of others in determining defendant's guilt, particularly where there was no evidence that others had so pled. We do not find that "manifest injustice or miscarriage of justice" resulted from asking the question. Point one is denied.

We find no prejudicial error, plain or otherwise and affirm the judgment.

HOGAN and BILLINGS, JJ., concur.