**STATE of Missouri, Respondent,**

v.

**James VITALE, Appellant.**

**No. 57187.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 4, 1990.

Motion for Rehearing and/or Transfer
to Supreme Court Denied Jan. 15, 1991.

Application to Transfer Denied
Feb. 7, 1991.

Charles M. Shaw, Clayton, for appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant James Vitale appeals a conviction for illegal possession of a Schedule II controlled substance (cocaine), for which he was sentenced as a prior offender to five years' imprisonment. We affirm.

Although there was contradictory testimony concerning the facts, we view the evidence in a light most favorable to the verdict. On October 4, 1988, Officer Gary Kukla received a phone call from a confidential informant. The informant indicated that defendant would be engaging in drug transactions that evening in the parking lot next to a popular night club. The informant gave the officer descriptions and license plate numbers of vehicles defendant might use that evening. When the police patrolled the location, they discovered a vehicle matching the description and li-

cense plate number provided by the informant. Officer Kukla and his partner then began a surveillance of the vehicle.

Approximately twenty minutes after beginning their surveillance, the officers observed a man matching their description of the defendant approach the vehicle accompanied by an unidentified male. They stood at the rear of the car and the unidentified male handed defendant some money. Defendant opened the trunk of the vehicle with a key, reached inside and then quickly closed the trunk. He handed the other man a small clear package containing a white powdery substance. The man put the package in his sock, they shook hands, and then both left the area.

The officers continued their surveillance, and defendant returned several minutes later with another unidentified male. This man handed defendant some money. Defendant again opened the trunk of the vehicle and put the money inside. He then closed the trunk and handed the other man a small package. The man opened the package and placed his finger inside. He then rubbed his finger on his gum or tongue, then turned and walked away. Officer Kukla testified that this activity was a common method of ensuring that a white powdery substance is actually cocaine.

The officers then agreed that they would attempt to arrest defendant if he returned to the vehicle again. They split up, with Officer Kukla remaining on foot, and his partner returning to the patrol car. Defendant returned to the car shortly thereafter, accompanied by a third male. Defendant again opened the trunk, removed money from his pocket, and placed it inside the trunk. At that point, Officer Kukla approached the defendant on foot, while his partner approached in the patrol car. When the officers arrived at the car, the trunk was still open. In the trunk, Officer Kukla observed a large amount of loose money and a plastic bag containing a white powdery substance, later identified as cocaine. Defendant was then arrested and transported to the police station.

Defendant's first point on appeal is that the trial court erred prejudicially in admitting the bag of cocaine into evidence because the seizure violated the prohibition against unreasonable search and seizure contained in the Fourth Amendment to the United States Constitution and Article I, § 15 of the Missouri Constitution. Defendant claims specifically that the facts of the case did not support a warrantless search, and the seizure was made without probable cause and without a warrant. Defendant's assertion is incorrect; the facts of the case did support a warrantless seizure.

■ Seizure of the evidence was permissible as a seizure incident to a lawful arrest. Incident to an arrest, an officer may conduct a warrantless search of the person of the arrestee and the area within his immediate control in order to prevent the arrestee from obtaining a weapon or destructible evidence. *State v. Woods*, 637 S.W.2d 113, 116[1] (Mo.App.1982) (citing *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969)).

■ Defendant was lawfully arrested. Probable cause to arrest exists when the arresting officer's knowledge of the facts and circumstances is sufficient to warrant a prudent person's belief that the suspect is committing or has committed an offense. *State v. McCabe*, 708 S.W.2d 288, 290 (Mo. App.1986). Having observed two transactions which they reasonably believed to be drug deals, the officers had probable cause to arrest defendant. Further, the scope of the search and seizure was within the search incident to a lawful arrest exception to the warrant requirement. Defendant was standing directly adjacent to the trunk, and any weapons or evidence contained therein were within his immediate control. Consequently, the seizure was lawful. Point denied.

■ In his second point defendant alleges error in the trial court's refusal to grant a mistrial after Officer Kukla made allegedly inflammatory, hearsay statements in front of the jury. Defendant argues the officer's testimony that an informant told him defendant was known to deal cocaine was impermissible hearsay. Defendant

further claims that even though his objection to the testimony was sustained and the court instructed the jury to disregard the testimony, the testimony was prejudicial and warranted a mistrial.

■■■ The declaration of a mistrial is a drastic remedy which should be granted only in those circumstances when the incident is so grievous that the prejudicial effect can be removed in no other way. *State v. Laws*, 668 S.W.2d 234, 238[4] (Mo. App.1984). An appellate court reviews the trial court's decision not to declare a mistrial only for abuse of discretion. *Id.* at [5]. While the testimony about the informant's statements may have been inadmissible hearsay, it cannot be said that the statements furnished a ground for a mistrial. The trial court, having seen the incident, could judge its prejudicial impact on the jury. *State v. Anderson*, 687 S.W.2d 643, 648 (Mo.App.1985). It did not err in refusing to declare a mistrial, but properly limited any prejudicial effect the statement may have had by sustaining counsel's objection and instructing the jury to disregard the statement. *Id.* Point denied.

■■■ Defendant's next point is that the trial court erred in refusing to permit defense counsel to ask a defense witness on redirect examination whether she "would not lie under oath just to help a friend." Defendant contends that the witness's veracity was challenged during cross-examination, and this line of questioning was necessary to rehabilitate the witness.

■■■ Defendant's contention that this question was within the permissible scope of redirect examination based on the State's cross-examination of the witness is incorrect. On cross-examination, the prosecutor asked the witness whether she was a friend of defendant's, to which the witness responded that she was. The prosecutor then continued by asking whether the witness had been drinking with appellant on the night of his arrest. These questions do not appear to make any reference to or implication about witness's truthfulness on the stand. Rather, the inquiries confirm the witness's presence with defendant on the night of his arrest and establish the witness's role in those events. It is proper on redirect examination to examine a witness on any matter which tends to refute, weaken or remove unfavorable inferences resulting from testimony on cross-examination. *State v. Lingar*, 726 S.W.2d 728, 734[7] (Mo.banc 1987), *cert. denied*, 484 U.S. 872, 108 S.Ct. 206, 98 L.Ed.2d 157 (1987). However, the trial court possesses the discretion to determine to what extent rehabilitation will be permitted. *State v. Ratliff*, 633 S.W.2d 267, 271 (Mo.App.1982). We find no abuse of that discretion in this case.

■■■ Defendant next contends the trial court erred in refusing to allow another defense witness, Stephanie Clark, to testify concerning statements allegedly made by another person whom defendant claims was the informant who contacted the police. Defendant sought to have Clark testify she heard the alleged informant state he was going to get Jimmy Vitale because he was messing around with his girlfriend, and that he had the policemen who would do it. The court sustained the State's hearsay objection when Clark attempted to testify concerning these statements.

■■■ Defendant asserts the testimony was not hearsay for two reasons. First, defendant claims the testimony was not offered to prove the truth of the matter asserted, but instead was offered to explain the police officers' conduct in arresting defendant. It is true that testimony of what another said offered in explanation of conduct rather than as proof of the facts in the other's statement is not inadmissible hearsay. *State v. Murray*, 744 S.W.2d 762, 773[22] (Mo. banc 1988), *cert. denied*, 488 U.S. 871, 109 S.Ct. 181, 102 L.Ed.2d 150 (1988). However, that rule does not apply in this case. No evidence was adduced at trial that this other person was the informant. Thus these alleged statements do not provide an explanation for the officers' conduct, and the exception does not apply.

■■■ Defendant also claims the testimony was not hearsay because it fell within the "declarations against penal interest" exception to the hearsay rule. Defendant

contends this exception applies because the declarant, the alleged informant, was unavailable and the witness, Clark, was sufficiently reliable. Defendant misconstrues the applicable law. It is the declarant's credibility which is in question, rather than that of the witness. *See State v. Turner,* 623 S.W.2d 4, 9 (Mo. banc 1981). Additionally, the lack of evidence that this other person was the confidential informant renders his unavailability irrelevant. Point denied.

Defendant's fifth point on appeal is that the trial court erred both in refusing to grant an acquittal and in submitting the State's verdict director to the jury. Defendant claims the State did not introduce sufficient evidence to support a finding that defendant was guilty of possession of cocaine. Defendant puts forth two arguments in support of his contention. First he claims the evidence was insufficient to show defendant actually had knowledge of the contents of the bag seized by the police. Second, he maintains the evidence was insufficient to establish he had either actual or constructive possession of the bag.

■■■■ The role of this court is not to weigh the evidence; rather it is to ascertain whether there was sufficient evidence put forth at trial so that a reasonable person could conclude that the defendant is guilty as charged. *State v. Dusso,* 760 S.W.2d 546, 547[3] (Mo.App.1988). In reviewing the sufficiency of the evidence, we accept as true all evidence, whether circumstantial or direct, tending to prove defendant guilty together with all reasonable inferences supportive of the verdict. *State v. Arbeiter,* 664 S.W.2d 566, 569[6] (Mo.App.1983). To sustain a conviction for possession of controlled substances, the State must prove the defendant knowingly and intentionally possessed the substance and that the defendant was aware of the nature of the substance in question. *Id.* at [8]. Both possession and knowledge may be proved by circumstantial evidence. *State v. Barber,* 635 S.W.2d 342, 343 (Mo.1982). If actual possession has not been shown, constructive possession will suffice when other facts buttress an inference of defendant's knowledge of the presence of the controlled substance. *Id.* The State met its burden in this case.

■■■ Defendant's knowledge of the contents of the bag found in the trunk of the vehicle by which he was arrested can be inferred from his conduct prior to arrest. The police officers viewed defendant delivering smaller packages containing a substance similar in appearance to other persons in exchange for sums of money. One of these individuals "tested" the contents in defendant's presence. Such activity is clearly consistent with a finding that defendant was aware of the nature and existence of the package in the trunk of the vehicle.

■■■■ Defendant supports his contention that the evidence was insufficient to establish possession by arguing that since he did not own the vehicle, any illegal substance found therein was not under his exclusive control. Defendant is correct in his assertion that when a person is present on premises where drugs are found but does not have exclusive use or possession of the premises, it may not be inferred that he had knowledge or control of the drugs. *State v. Wiley,* 522 S.W.2d 281, 292 (Mo. banc 1975). Additional independent factors showing his knowledge or conduct, however, render the evidence sufficient to withstand a motion for a directed verdict. *Id.* Such additional factors are present in this case. Although the vehicle was registered to defendant's parents, defendant was the only one driving it that night. During the officers' surveillance, he maintained exclusive control of the trunk, the location where the illegal substance was found. He accessed the trunk several times, withdrawing small packages and depositing money therein. These additional facts are sufficient to support a finding that defendant had constructive possession of the package of cocaine. Point denied.

Defendant next contends the trial court erred in submitting Instruction No. 4, known as MAI–CR3d 302.04. Defendant maintains the definition of reasonable doubt contained therein violates due process of law by impermissibly reducing the

State's burden of proof by diminishing the meaning of "beyond a reasonable doubt."

The Missouri Supreme Court has repeatedly upheld the definition of reasonable doubt as contained in this instruction. *State v. Guinan*, 732 S.W.2d 174, 177 (Mo. banc 1987), *cert. denied*, 484 U.S. 933, 108 S.Ct. 308, 98 L.Ed.2d 266 (1987); *State v. Murray*, 744 S.W.2d 762, 771[13] (Mo. banc 1988), *cert. denied*, 488 U.S. 871, 109 S.Ct. 181, 102 L.Ed.2d 150 (1988).

In *Guinan*, the Missouri Supreme Court specifically considered whether the "firmly convinced" language of MAI–CR2d 2.20 diminished the meaning of reasonable doubt in violation of due process. *Id.* at 177. (MAI–CR2d 2.20 has been renumbered as MAI–CR3d 302.04. *Murray*, 744 S.W.2d at 771.) The court found that "[w]hen read as a whole MAI–CR2d 2.20 properly instruct[s] the jury upon the standard which they are to use in determining defendant's guilt or innocence." *Id.* at 178[6]. Defendant's point is without merit.

■ Defendant's seventh point on appeal is that Instruction No. 6, which defined the term "possession," was prejudicially erroneous. The submitted instruction reads in part:

> The test of actual or constructive possession, is whether the defendant was aware of the presence and character of the particular substance, and was intentionally and consciously in possession of it. The requisite possession need not be exclusive and may be shown circumstantially.

Defendant argues that constructive possession should become an issue only where there is lack of evidence of actual possession by a defendant. We assume defendant is not contending he had actual possession of a controlled substance. The evidence in this case clearly supported an instruction on constructive possession, as discussed herein in response to defendant's Point Five. Further, the instruction's explanation of constructive possession faithfully followed the definition of constructive possession set forth in the cases addressing this issue. *See State v. Dusso*, 760 S.W.2d 546, 547 (Mo.App.1988). Point denied.

Defendant's final point is that the trial court allowed the prosecutor to make improper statements in his closing argument over defendant's objection. Defendant cites two separate instances to support this claim. First, defendant maintains that comments regarding one of the arresting officer's promotions was outside the scope of the evidence presented at trial. Second, defendant claims it was improper for the State to characterize the defense witnesses' account of the events as "a cock and bull story."

■ A trial court has broad discretion in controlling closing argument, with wide latitude accorded counsel in their summaries. *State v. McDonald*, 661 S.W.2d 497, 506[13] (Mo. banc 1983), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1875, 85 L.Ed.2d 168 (1985). Unless that discretion is clearly abused to the prejudice of the accused, the trial court's rulings on such issues should not be disturbed on appeal, *State v. Davis*, 653 S.W.2d 167, 176 (Mo. banc 1983), as the trial court is best able to assess the prejudicial effect of the prosecutor's statements. Thus, to find an abuse of discretion, the prosecutor's statements must be "clearly unwarranted." *McDonald*, 661 S.W.2d at 506.

■ The trial court did not err in overruling defendant's objection to the prosecutor's statement regarding the officer's promotion. These comments were made in rebuttal to defense counsel's closing argument. The defense counsel had implied the officer was promoted as a reward for arresting defendant, and that the alleged influential informant had arranged for the promotion. The prosecutor responded to these allegations by stating that the officer was promoted because he received a high score on the police aptitude test. A defendant may not provoke a reply to his own argument and then assert error. *State v. Bockes*, 676 S.W.2d 272, 276 (Mo.App.1984). This contention is clearly without merit.

■ Defendant also asserts that the prosecutor's statements regarding the credibility of the defense witnesses were improper. A prosecutor is permitted to comment on the credibility of defense wit-

nesses. *State v. Harp,* 680 S.W.2d 297, 300[5] (Mo.App.1984). Additionally, the prosecutor may draw any inference from the evidence which he believes in good faith is justified. *McDonald,* 661 S.W.2d at 506. Here, the prosecutor's assertions that the defense witnesses had fabricated their story was clearly drawn from the inconsistencies in their testimony. For example, Mr. Cox testified the police officers required him to pull down his pants while they searched him. Two other defense witnesses, who claimed to be standing beside him at the time, could not substantiate this claim, and in fact contradicted it. Point denied.

Judgment affirmed.

GARY M. GAERTNER, P.J., and PUDLOWSKI, J., concur.