**STATE of Missouri, Respondent,**

v.

**Richard Lee BECKETT, Appellant.**

**No. WD 47014.**

Missouri Court of Appeals,
Western District.

Aug. 10, 1993.

Peter M. Schloss, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SPINDEN, P.J., and FENNER and HANNA, JJ.

SPINDEN, Presiding Judge.

Richard Lee Beckett appeals his conviction, after a jury trial, of assault in the second degree in connection with the beating of Debra Otte on August 22, 1991. Beckett complains that Otte's testimony against him was so self-contradictory that it cannot support the jury's verdict. We affirm.

Considering the evidence in a light most favorable to the jury's verdict, the state established that Beckett brutally beat Otte at his apartment on August 22, 1991. The two had drunk alcoholic beverages and ingested cocaine all night on August 21 and into the morning. On August 22, Beckett left for work. Otte continued drinking in Beckett's absence. When Beckett returned, he resumed drinking. He beat Otte for failing to obtain a prostitute for him. Otte nearly died from the injuries; she was in a coma for 18 days and was hospitalized for more than a month. She suffered permanent injuries.

Beckett asserts that the trial court erred in not sustaining his motions for a judgment of acquittal at the close of the state's case and at the close of all of the evidence and for a judgment of acquittal notwithstanding the jury's verdict. Beckett argues that Otte's testimony "was so self-contradictory on the material issues of the case as to be incompetent and insufficient for submission of the case to the jury for its consideration." He argues in the alternative that even if we disagree with his initial assertion, the state's evidence did not establish a factual basis for the jury's finding that he acted "recklessly," so the evidence supported only a verdict that he intentionally caused Otte serious physical injury. We disagree with both assertions.

Beckett acknowledges that an appellate court must disregard any evidence contrary to the jury's verdict, *State v. Sladek*, 835 S.W.2d 308, 310 (Mo. banc 1992), but he urges that his case falls within "a narrow exception declared under the doctrine of 'destructive testimony' or 'destructive contradictions.' "

■ "[T]he doctrine ... provides that when a witness's inconsistent and contradictory statements at trial are so diametrically opposed to one another as to preclude reliance thereon and rob the testimony of all probative force, his testimony loses probative value." *State v. Eyman*, 828 S.W.2d 883, 887 (Mo.App.1992). Mere discrepancies or conflicts are not enough to invoke the doctrine. "[T]hat a witness' testimony may to some extent be contradictory does not prevent its constituting substantial evidence. Inconsistencies in testimony are questions for jury resolution." *State v. Newberry*, 605 S.W.2d 117, 121 (Mo.1980). To invoke the doctrine, the testimony must be " 'inherently incredible, self-destructive or opposed to known physical facts,' " *id.* (quoting *State v. Dupepe*, 241 S.W.2d 4, 7 (Mo.1951)), and must pertain to a vital point or element. *State v. Washington*, 383 S.W.2d 518, 521 (Mo. 1964).

■ Beckett lists these contradictions in Otte's testimony:

Otte said that she had not been drinking for 12 hours on August 21, 1991, when she went to a rehabilitation center for help with her drinking problem. She said that the center's personnel refused to admit her to the program, but she decided she could not return to where she had been staying because she had been drinking.

She initially said that she went to a friends apartment and called Beckett at his job to ask him to pick her up at a nearby convenience store. She later said that she used a telephone at the convenience store to call Beckett at his apartment.

She said that Beckett instructed her on August 22 to stay inside the apartment and not to answer the telephone, but she also said that Beckett told her to go get a prostitute.

Although she said that she and Beckett had drunk all night on August 21, she said that she did not want Beckett to know that she had drunk all day on

August 22 while he was at work because she feared being caught drinking by him. She also said that he gave her an alcoholic drink when he returned to the apartment from work.

Although she said that blood ran down her face after Beckett hit her, her clothes had no blood stains.

After the alleged beating, she attempted several times during October to call Beckett.

Beckett argues, "When read as a whole, Otte's testimony is incredible, self-contradictory, self-destructive, and not sufficient to form the basis of [Beckett's] conviction, as a matter of law." We disagree. In each of the instances, the jury could have determined either reasonable explanations for the apparent inconsistencies or that the inconsistencies involved some collateral, non-vital matter which did not rob her allegation that Beckett beat her of credibility. The point is denied.

■ In the alternative, Beckett argues that the only evidence consistent with his guilt supported a finding that he intentionally inflicted serious physical injury (first degree assault) rather than recklessly causing serious physical injury (second degree assault). We disagree. The evidence established that before August 22 Beckett had hit Otte on 10 occasions with significantly less injury to Otte. The jury could have concluded that he expected the same result on August 22.

■ More importantly, the state charged Beckett with first degree assault. He requested, and received, an instruction on the lesser-included offense of second degree assault. The Supreme Court of Missouri has instructed, "This Court has long held that a defendant cannot complain of an instruction given at his request." *State v. Leisure*, 796 S.W.2d 875, 877 (Mo. banc 1990). We deny the point.

■ Finally, Beckett complains that the trial court erroneously sustained the state's objections to his evidence designed to suggest that Otte had exaggerated the extent of her injuries to the jury. Beckett argues:

In the course of trial, Debra Otte was observed outside of the courtroom and outside of the presence of the jury to walk with a near normal gait and without the use and assistance of her cane. [Beckett] sought to introduce testimony at trial to establish that Debra Otte was exaggerating the nature and extent of her current disability in an effort to inflame the passions of the jurors against [Beckett].

Beckett asked a witness, after laying a foundation that the witness had observed Otte walking around outside the courtroom:

Q. Was she using that cane to walk with?

A. At times she was and at times she wasn't.

Q. Did she ever hold the cane while she was walking or at other times—

[Prosecutor]: Your Honor, at this time I'm going to object as to relevancy.

[Trial Court]: Sustained.

[Beckett's Attorney]: Nothing further.

Beckett conceded at trial and in this appeal that Otte sustained serious injury. We find his argument disingenuous. Moreover, he did not make an offer of proof; his point is not preserved for our review. *State v. Williams*, 847 S.W.2d 111, 114 (Mo.App.1992).

For these reasons, we affirm the judgments of conviction entered against Beckett.

All concur.