STATE of Missouri, Plaintiff/Respondent,

v.

Bernard SUTTON, Defendant/Appellant.

No. 63747.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 25, 1995.

N. Scott Rosenblum, Barbara L. Greenberg, Wittner, Poger, Rosenblum & Spewak, P.C., St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Judge.

Defendant appeals from his conviction for murdering his wife. He expressly waives any objections to the denial of his Rule 29.15 motion. We affirm.

Defendant claims that the trial court erred in overruling his motions for acquittal because the only eyewitness to the crime, the eleven year old son of the victim, was so inconsistent and contradictory as to lose all probative value. We disagree.

In the usual case, we view all evidence and all reasonable inferences therefrom in the light most favorable to the verdict. *State v. Bernard,* 849 S.W.2d 10, 21 (Mo. banc 1993). However, when a witness at trial makes several patently contradictory statements about vital elements of the case at trial, they may rob that witness' testimony of all probative force. *State v. Eyman,* 828 S.W.2d 883, 887 (Mo.App.W.D.1992). This is called the rule of destructive testimony, or destructive contradictions. *Id.*

Defendant alleges that the child's testimony at trial was not consistent with his statements made in a taped police interview, which were also read at trial. Defendant admitted at oral argument that the child's live trial testimony was internally consistent. The rule of destructive contradictions is not applicable to contradictions between trial testimony and prior out of court statements. *State v. Burns,* 671 S.W.2d 306, 311–12 (Mo. App.W.D.1984). This limitation on the destructive contradictions doctrine is provided to safeguard the prerogative of the jury to believe or disbelieve the evidence put before it. *Id.* at 312. Therefore, the child's out of court statements did not rob his trial testimony of all probative force, and the trial court did not err in submitting this case to the jury. Point denied.

We have examined defendant's other numerous points on appeal and find that they have no merit. We decline to discuss these points pursuant to Rule 30.25(b) because they have no precedential value.

Defendant originally filed a *pro se* Rule 29.15 motion and his attorney filed an amended motion. The motion was denied by the lower court. No exception to this denial was raised before this court and defendant acknowledged at oral argument before this court that he was abandoning his Rule 29.15 claims.

Judgment affirmed.

SMITH, P.J., and WHITE, J., concur.