**Kevin HOWARD, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 88502.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 19, 2007.

Jo Ann Rotermund, Saint Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before GLENN A. NORTON, P.J., LAWRENCE E. MOONEY, J., and KENNETH M. ROMINES, J.

*ORDER*

PER CURIAM.

Kevin Howard appeals the judgment denying his motion for post-conviction relief under Rule 29.15.[1] In his first point on appeal, Howard argues that the motion court clearly erred in not finding his trial counsel ineffective for failing to object when the prosecutor characterized his crime of assault in the first degree as attempted murder during arguments at the penalty phase of trial after the jury reached a guilty verdict. Howard argues in his second point that the motion court clearly erred in not finding his appellate counsel ineffective for failing to raise a sufficiency of the evidence argument on appeal based on an application of the destructive contradictions rule.

We have reviewed the briefs of the parties and find that the motion court did not clearly err in denying Howard's motion. There was no legal basis for an objection to the prosecutor's statement because proving Howard attempted to kill the victim is an element of the crime of assault in the first degree. *See* section 565.050 RSMo 2000. Moreover, Howard cannot demonstrate that the jury may have found him innocent had his counsel objected

---

1. All references to Rules are to Missouri Supreme Court Rules (2007).

since the prosecutor did not make the statement until after the jury reached its verdict. *See Barnett v. State*, 103 S.W.3d 765, 768–69 (Mo. banc 2003) (stating that to be entitled to relief, a movant must show that, but for counsel's poor performance, there is a reasonable probability that the outcome of the trial would have been different).

As to Howard's second point, the motion court did not clearly err in finding that the testimony of Loraine Moton was consistent, precluding the application of the destructive contradictions rule. *See State v. Beckett*, 858 S.W.2d 856, 857 (Mo.App. W.D.1993) (stating that the doctrine only applies where a witness's inconsistent and contradictory statements at trial are so diametrically opposed to one another as to preclude reliance thereon and rob the testimony of all probative force).

An extended opinion would have no precedential value. The judgment of the trial court is affirmed under Rule 84.16(b).