

# Missouri Court of Appeals

### Southern District

### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD32828 |
| | ) | |
| MATTHEW G. PILANT, | ) | **Filed: August 14, 2014** |
| | ) | |
| Defendant-Appellant. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF LACLEDE COUNTY

### Honorable Kenneth M. Hayden, Circuit Judge

### <u>AFFIRMED</u>

Matthew G. Pilant ("Appellant") appeals his conviction following a bench trial for the class C felony of driving while intoxicated as an aggravated offender. *See* sections 577.010.1, 577.023.4.[1] In two points, he claims that there was insufficient evidence to support his conviction that he was in an "intoxicated condition." Finding no merit in the claim, we affirm.

---

[1] The trial court sentenced Appellant to seven years imprisonment, but suspended the execution of the sentence for a period of five years supervised probation. Appellant was also convicted of careless and imprudent driving, *see* section 304.012, and failing to signal, *see* section 304.019; however, he does not challenge those convictions on appeal. All references to section 577.010.1 are to RSMo 2000. All other statutory references are to RSMo Cum.Supp.2005.

1

In his first point, Appellant argues that the testimony of Thomas Miller ("Miller")—the State's sole witness—lacked probative value under the "destructive contradictions" doctrine.[2] Following the submission of this case, however, our supreme court abolished this doctrine, along with the "corroboration rule," in *State v. Porter*, — S.W.3d —, 2014 WL 3729864, slip op. at *1 (Mo. banc July 29, 2014), "because, among other reasons, both require appellate courts to act as the finder of fact." As *Porter* precludes our consideration of the destructive contradictions doctrine, we instead limit our analysis to Appellant's second claim of error which challenges the sufficiency of the evidence under our general standard of review for such challenges.

Under that standard, we review whether or not sufficient evidence was produced from which the trier of fact could have reasonably found guilt beyond a reasonable doubt. *State v. Fraga*, 189 S.W.3d 585, 586 (Mo.App. S.D. 2006). This standard applies regardless of whether the cause was court-tried or jury-tried. *Id.* In reviewing the evidence, we accept all inferences favorable to the State as true, while all contrary evidence and inferences are disregarded. *Id.* Our function is to determine if there is sufficient evidence to support the conviction, not to reweigh the evidence. *State v. Mann*, 129 S.W.3d 462, 467 (Mo.App. S.D. 2004). "It is the trial court's prerogative to decide whether to believe all, part or none of a witness' testimony." *State v. Baumruk*, 280 S.W.3d 600, 612 (Mo. banc 2009) (quoting *State v. Morton*, 229 S.W.3d 626, 629 (Mo.App. S.D. 2007)) (internal quotations omitted).

---

[2] Under this doctrine, a witness' testimony loses probative value when his or her inconsistent and contradictory statements at trial "are so diametrically opposed to one another as to preclude reliance thereon[.]" *State v. Beckett*, 858 S.W.2d 856, 857 (Mo.App. W.D. 1993). However, mere discrepancies in the witness' testimony are not sufficient to invoke the doctrine; rather, the conflict must concern vital points or elements. *Id.*

**Analysis**

"A person commits the crime of 'driving while intoxicated' if he operates a motor vehicle in an intoxicated or drugged condition." Section 577.010.1. "[A] person is in an **'intoxicated condition'** when he is under the influence of alcohol, a controlled substance, or drug, or any combination thereof." Section 577.001.3. "Intoxication consists of three components: impaired ability, presence of a proscribed substance in the defendant's body at the time of the offense, and a causal connection between the proscribed substance and the defendant's impaired ability." *State v. Honsinger*, 386 S.W.3d 827, 830 (Mo.App. S.D. 2012). Whether a person is intoxicated may be proven by any witness who had a reasonable opportunity to observe the person's physical condition. *State v. Edwards*, 280 S.W.3d 184, 189 (Mo.App. E.D. 2009).

In this case, the testimony at trial as we must view it revealed that Miller, a Missouri State Trooper, pulled over a vehicle driven by Appellant on April 9, 2008. Miller testified that Appellant had been traveling at an excessive rate of speed and appeared to be "out of control." Upon approaching Appellant's vehicle, Miller noted that the driver's side front and rear tires were blown out and that the driver's outside mirror had been shattered. When Miller questioned Appellant about the damage to the front of his vehicle and if he had hit a road sign, Appellant responded, "Yeah, probably did." Miller inquired further, but Appellant was unable to provide any logical explanation as to the status of his vehicle.

Miller proceeded to order Appellant out of his vehicle. Miller noted that Appellant exhibited "confused, incoherent, slurred speech"; bloodshot and glassy eyes; a strong odor of intoxicants on his breath; and uncertain movements, including staggering.

When Miller asked Appellant if he had consumed any alcohol, Appellant indicated that he had consumed beer. Miller asked how much, and Appellant responded, "Definitely six." Appellant consented to perform field sobriety tests; however, Appellant was unable to perform the horizontal gaze nystagmus test ("HGN test") as instructed, which, according to Miller, was the "easiest test." Thereafter, Miller placed Appellant under arrest for driving while intoxicated.[3]

Appellant tacitly acknowledges that the above evidence, upon which the trial court relied,[4] constituted a *prima facie* showing that he was intoxicated. Nonetheless, Appellant asserts that, in this case, Miller's testimony should be disregarded because his memory was "so faded that no reasonable juror could have relied on this evidence in finding Appellant guilty." The fallacy of this argument is that it ignores our standard of review and the deference provided to the trial court's credibility determinations. We note that almost five years separated Appellant's arrest and his subsequent trial; nevertheless, the trial court was in the best position to gauge Miller's memory as to the circumstances pertaining to Appellant's alleged intoxication.

Accordingly, Miller's testimony provided sufficient evidence to support the finding that Appellant was in an intoxicated condition. *See, e.g.*, **State v. Vanosdol**, 974 S.W.2d 650, 652-53 (Mo.App. W.D. 1998). Appellant's points are denied and the judgment of the trial court is affirmed.

---

[3] We note that Miller also presented testimony regarding an attempt to administer a breath test to Appellant, but the trial court found this testimony in particular not to be credible.

[4] In rendering its judgment, the trial court explicitly found that Appellant: (1) operated a motor vehicle with two blown tires and a damaged driver's side mirror; (2) was unable to provide a logical explanation for the damage to his vehicle; (3) exhibited slurred and confused speech; (4) had bloodshot and glassy eyes; (5) exhibited a strong odor of intoxicants; (6) had uncertain movements; (7) could not follow instructions with regard to HGN test; (8) operated a motor vehicle at an excessive rate of speed, fishtailed, and failed to signal; and (9) admitted to consuming six beers.

4

Nancy Steffen Rahmeyer, J.  - Opinion Author

Don E. Burrell, J. - Concurs

Mary W. Sheffield, P.J. - Concurs